536 July 15, 2026 No. 671

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH DESHAWN McGEE, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
24CN02119; A185429

Kelly D. Lemarr, Judge.

Argued and submitted June 16, 2026.

Kasey Anne Hooker, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Julia A. Taylor, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Interim Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals from a judgment in which the trial court found defendant in contempt following a trial and sentenced him to two months' probation. The trial court determined that defendant was in contempt because he was found by an officer to be in a car with complainant, in violation of a domestic violence no-contact order which prohibited defendant from having in-person contact with complainant. In a single assignment of error, defendant argues that the trial court erred when it admitted testimony from the arresting officer that the officer read the complainant's name on her driver's license because that testimony constituted inadmissible hearsay. The state responds that the officer's testimony was based on personal knowledge that he gathered from hearing the complainant state her name, reviewing her driver's license, and comparing the photo on the license to her appearance. The state also argues that any error was harmless because it was unlikely that admitting the challenged testimony affected the verdict. For the reasons discussed below, we affirm.

A hearsay "statement" is "(a) [a]n oral or written assertion; or (b) [n]onverbal conduct of a person, if intended as an assertion." OEC 801(1). "A person makes an assertion when that person speaks, writes, acts, or fails to act with the intent to convey an expression of fact or opinion." *State v. Carlson*, 311 Or 201, 207 n 7, 808 P2d 1002 (1991). Hearsay is inadmissible in punitive contempt proceedings unless an exception applies. OEC 802; OEC 101(2). However, if there is "little likelihood that the particular error affected the verdict," the Oregon Constitution requires affirmance despite error in admitting evidence or testimony. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003); Or Const, Art VII (Amended), § 3. If a defendant seeks reversal based on an alleged evidentiary error, then it is defendant's burden to show a likelihood that the challenged evidence affected the verdict. *State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019). To determine whether an evidentiary error is harmless, we consider the nature of the challenged evidence in the context of the whole trial. *Id.* Importantly, we can consider whether the challenged

evidence was cumulative of other evidence admitted without objection. *See State v. Hobbs*, 218 Or App 298, 309, 179 P3d 682, *rev den*, 345 Or 175 (2008) (admission of victim's hearsay statements was harmless where statements were "cumulative of other evidence establishing the same point").

"Whether the trial court correctly applied the rules of evidence to decide that [ ] testimony was not hearsay is a question that has 'only one legally correct answer' and is, thus, a question that we review for legal error." *State v. Bowman*, 373 Or 213, 220, 373 P3d 121 (2025) (quoting *Arrowood Indemnity Co. v. Fasching*, 369 Or 214, 250, 503 P3d 1233 (2022)).

Here, the arresting officer testified that he performed a traffic stop and that complainant was the driver. The officer testified that complainant told him her name, provided him with her driver's license, and that he confirmed that complainant's appearance matched the photo on the license. The officer subsequently discovered that defendant was in the passenger seat and discovered a valid restraining order that prohibited defendant from having in-person contact with complainant. When the prosecutor asked the officer for the name of the driver, defendant objected on hearsay grounds.

Defendant contends that writing on a driver's license constitutes a "statement" under the hearsay rule, citing two intermediate appellate courts in other states. But even assuming that the writing on complainant's driver's license constitutes a "statement" for hearsay purposes, which we do not decide, we conclude that any error in admitting the evidence was harmless because there is little likelihood that admitting the challenged testimony affected the verdict.

At trial, defendant's theory of the case was presented in defense counsel's opening statement and was predicated on an admission that defendant and complainant were in the same car at the time of the traffic stop, but that the state would not meet "its burden of proof beyond a reasonable doubt that there was a willful violation" of the order because defendant "believe[d] that the [o]rder was no longer in effect at the time that they were stopped." *See State v. Jenkins*, 282

Or App 276, 280, 385 P3d 1209 (2016) (assuming without deciding that the trial court erred in admitting officer testimony about defendant's identity, and finding that error was harmless in part because defendant's defense was "predicated on an admission that he identified [complainant] at the scene" and that he "walked away upon seeing her").

Further, it is unlikely that admitting the challenged testimony affected the verdict because the testimony was cumulative of other evidence presented without objection. *See Simon*, 294 Or App at 858 (determining that a challenged statement was cumulative of other evidence presented and therefore "its admission was harmless"). The arresting officer testified, without objection, that he "perform[ed] a traffic stop where [the officer] ultimately found out that [complainant] was the driver." This unobjected-to testimony provided a basis for the court "to conclude, independent of the challenged hearsay statement," that defendant was in a car with the complainant. *Id.* Therefore, the challenged statement was cumulative of other evidence presented.

Considering the record before us and defendant's theory of the case, which was presented in defense counsel's opening statement and which was predicated on an admission that defendant and complainant were in the same car at the time of the traffic stop, we conclude that any error regarding the admission of the officer's statement was harmless.

Affirmed.